# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

## MOTION BY A PERSON IN FEDERAL CUSTODY TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

### UNITED STATES DISTRICT COURT
### Pensacola Division

**Name of Movant/Defendant**: Kimberly Dukes Ford  **Prisoner No.** #05758-017

**Case No.**: 3:03 CR 135/LAC      3:05cv 127/LAC/MD

**Place of Confinement (including address):**
FMC CARSWELL
FEDERAL MEDICAL CENTER
P.O. BOX 27137
FORT WORTH, TX 76127

**UNITED STATES OF AMERICA v. KIMBERLY DUKES FORD**

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack:
Northern District of Florida, Pensacola Division

2. Date of judgment of conviction:
April 13, 2004

3. Length of sentence:
231 months and 225 months

4. Nature of offense involved (all counts):
Conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine and conspiracy to commit money laundering.

5. What was your plea? (Check one)
(a) Not Guilty
(b) Guilty
(c) Nolo contendere



OFFICE OF CLERK
U.S. DISTRICT OF
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 APR 12 AM 9:50

DB
FILED

1

If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment,
give details:


6. If you pleaded not guilty, what kind of trial did you have? (Check one)
(a) Jury
(b) Judge only

7. Did you testify at the trial?

8. Did you appeal from the judgment of conviction to the Eleventh Circuit Court of Appeals?
No

9. If you did appeal, answer the following:
(a) Result:
(b) Date of result and mandate:

10. Did you file a petition for rehearing?
No

11. If you did file a petition for rehearing, provide the date and result of the petition:

12. Did you file a petition for certiorari review?
No

13. If you did file a petition for certiorari review, provide the date and result of the petition:

14. Have you previously filed any post-conviction petitions, applications or motions, including previous § 2255 motions, with respect to this judgment in any federal court?
No

15. If your answer to 14 was "yes," give the following information:

(a) (1) Name of court:

(2) Nature of proceeding:

(3) Grounds raised:

(4) Did you receive an evidentiary hearing on your petition, application or motion?

(5) Result:

(6) Date of result:

(b) If you filed more than one such petition, please include the same information requested in 11(a)
on a separate sheet of paper.

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken
on your petition, application or motion?

(1) First petition, etc.

(2) Second petition, etc.

(d) If you did *not* appeal from the adverse action of any petition, application or motion, explain briefly
why you did not:

16. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
**Caution: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.**
A. Ground one:  <u>Ms. Ford's appellate counsel was ineffective when he failed to file a notice of appeal, thus forfeiting her right to appeal.</u>

Supporting FACTS (state *briefly* without citing cases or law):
<u>Ms. Ford wishes to appeal her sentence, but her attorney advised her that she should waive her right to appeal in the hopes that the Government might file a motion for a sentence reduction based on Rule 35.  Ms. Ford followed the advice of counsel and did not file a notice of appeal.</u>

B. Ground two:  <u>Alternatively, Ms. Ford was denied due process when the Government induced her to relinquish her right to appeal in exchange for a false promise of a Rule 35.</u>

Supporting FACTS (state *briefly* without citing cases or law):  <u>If Ms. Ford's counsel did not file a notice of appeal because the Government falsely promised a Rule 35 in exchange for Ms. Ford waiving her right to appeal, then Ms. Ford was denied due process.</u>

3

C. Ground three:
Supporting FACTS (state *briefly* without citing cases or law):

D. Ground four:
Supporting FACTS (state *briefly* without citing cases or law):

17. As to the grounds listed in 16A, B, C, and D, explain whether any grounds were previously presented, and for those that were not previously presented, state *briefly* your reasons for not presenting them:
<u>Ms. Ford is claiming ineffective assistance of appellate counsel. Neither of Ms. Ford's claims were presented to an appellate court.</u>

18. Do you have any petition or appeal now pending in any court as to the judgment under attack?
<u>No</u>

19. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
<u>No</u>

(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed
the sentence to be served in the future?

20. What relief do you request from this Court?
<u>Ms. Ford requests that this Court reinstate her right to appeal her sentence.</u>

    Wherefore, movant prays that the Court grant the relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

4

I declare under penalty or perjury that the foregoing is true and correct. Executed on:

_4-11-05_
(Date)

_[signature]_
Signature of Movant/Defendant

IF MAILED BY PRISONER:

I declare or state under penalty of perjury that this petition was (check one):
_____ delivered to prison officials for mailing, or _____ deposited in the prison's internal mail system on:

_4-11-05_
(Date)

_Kimberly Ford by Franklyn Kluber_
Signature of Movant/Defendant

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| KIMBERLY DUKES FORD, | ) |
| Petitioner, | ) Civil Action No. 3:05cv127/LAC/MD |
| | ) (3:03-CR-135-) |
| v. | ) |
| UNITED STATES OF AMERICA | ) |
| Respondent. | ) |

## MEMORANDUM IN SUPPORT OF PETITION UNDER 28 U.S.C. §2255

Kimberly Dukes Ford challenges her detention in federal prison pursuant to 28 U.S.C. §2255. Ms. Ford's detention violates the laws and Constitution of the United States. In support of this Petition, Ms. Ford sets forth the following facts and arguments.

### Statement of the Case

On November 19, 2003, Ms. Ford was indicted in the Northern District of Florida for one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine. On January 21, 2004, the Government filed a one-count information charging Ms. Ford with conspiracy to commit money laundering. Preserving her right to appeal, Ms. Ford pled guilty to both cases as charged on January 22, 2004. (Plea Agreement at 8 and Judgment at 1). Ms. Ford was sentenced on April 13, 2004 to a term of 231 months for conspiracy to distribute and 225 months for conspiracy to launder money to run concurrent. (Judgment at 2). Ms. Ford did not appeal her conviction or sentence.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

05 APR 12 AM 9:51

FILED

## Statement of the Facts

At the sentencing hearing, Ms. Ford objected to the two-point enhancement for possession of a firearm during the conspiracy. She alleged it was not foreseeable that she knew co-conspirators used firearms during the commission of the drug transactions. (Sentencing Hearing at 3). Ms. Ford lived in Houston, Texas during the entire conspiracy whereas the rest of the co-conspirators lived in Pensacola, Florida. (*Id.*) Therefore, Ms. Ford argued, it was not foreseeable that she knew her contacts in Pensacola possessed guns. (*Id.*) In essence, the Government agreed. It maintained it had no evidence that Ms. Ford was aware of the guns in Pensacola. (Sentencing Hearing at 5). However, the Court held "it's a large scale drug operation. She was a member of it and it's reasonable to foresee that guns would be used with drugs of that amount and monies of that amount." (Sentencing Hearing at 6).

Concerning a sentencing reduction based on Ms. Ford's assistance to the prosecution, the Government detailed Ms. Ford's cooperation with the Harris County Sheriff's Department and her willingness to sell her house pursuant to the plea agreement. (Sentencing Hearing at 17-18). The Government went on to state, "She hasn't risen to the level of substantial assistance, but it may after she's sentenced and we may be approaching you with a Rule 35 in the future, but I did want to make you aware that she is cooperating." (Sentencing Hearing at 18).

At the conclusion of the sentencing hearing, the Court advised Ms. Ford of her right to appeal and appointed Clinton Couch to represent her. (Sentencing Hearing at 21).

Ms. Ford wished to appeal her sentence, but was advised by Mr. Couch that she should forego her appeal in hopes that the Government may move for a sentence reduction based on Rule 35.[1] Unfortunately, the Government never filed a Rule 35 on Ms. Ford's behalf and expressed no intent to do so to habeas corpus counsel.

---

[1] Ms. Ford will supplement this Petition and Memorandum with an affidavit explaining the consultation with her attorney, Clinton Couch.

## Claims

I. <u>Ms. Ford's appellate counsel was ineffective when he failed to file a notice of appeal, thus forfeiting her right to appeal.</u>

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court outlined the test courts are to apply when considering an ineffective assistance of counsel claim. A habeas corpus petitioner must establish (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) "any deficiencies in counsel's performance must be prejudicial" to the defendant. *Id.* at 688 and 692.

In applying the *Strickland* test, the Supreme Court held appellate counsel was ineffective for neglecting to follow the wishes of the client in filing a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Refusing to go as far as holding appellate counsel's failure to file a notice of appeal per se ineffective, the Court stated, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* at 477. The Court noted a notice of appeal is merely a "ministerial task" and to not comply with the client's wishes cannot be a strategic decision. *Id.* at 477. In evaluating prejudice, the *Flores-Ortega* Court held, "counsel's alleged deficient performance arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Id.* at 483. Thus, "we hold that when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to appeal." *Id.* at 485.

In *Davis v. Sec'y for the Dept. of Corrections*, the Eleventh Circuit granted a state prisoner's writ of habeas corpus when trial counsel failed to properly preserve a *Batson* challenge for appeal. *Davis v. Sec'y for the Dept. of Corrections*, 341 F.3d 1310 (11th

4

Cir. 2003). There, the Court held the *Batson* claim was meritorious and it would have likely altered the outcome of the appeal. *Id.* at 1316. *See, Clark v. Crosby*, 335 F.3d 1303 (11th Cir. 2003) (holding "in the context of an ineffective assistance of appellate counsel claim, 'prejudice' refers to the reasonable probability that the outcome *of the appeal* would have been different.") (emphasis in original).

Here, Ms. Ford expressed her desire to appeal her sentence to Mr. Couch. However, Mr. Couch advised her to forego her appellate rights and hope for a Rule 35. As the Supreme Court noted in *Flores-Ortega*, filing a notice of appeal is a ministerial task consisting of a few sentences. Furthermore, not filing such a broiler-plate notice to preserve his client's right to appeal is not a reasoned appellate strategy. Mr. Couch's performance fell below the objective standard of reasonableness.

As in *Flores-Ortega*, the issue is not the reliability of the appellate process, but the fact that Ms. Ford was denied the process all together. Similar to *Flores-Ortega*, Ms. Ford was denied an appeal that she otherwise would have taken based on her attorney's deficient conduct.

Because Mr. Couch provided ineffective assistance, the proper remedy is for Ms. Ford's appellate rights to be reinstated.

II. <u>Alternatively, Ms. Ford was denied due process when the Government induced her to relinquish her right to appeal in exchange for a false promise of a Rule 35.</u>

There is no reasoned strategy for Mr. Couch not to file the notice of appeal unless the Government's motion for a sentence reduction based on Rule 35 was conditioned on Ms. Ford's waiver of her right to appeal. If the Government gave its assurance that a

5

Rule 35 would be filed so long as Ms. Ford forfeited her appellate rights, then Ms. Ford's waiver of her right to appeal was not voluntary and her right to due process was violated.[2]

It goes without saying that a waiver of an accused's constitutional right must be voluntary in order to pass constitutional muster. Moreover, a waiver is not voluntary if it was induced through threats or false promises. For instance: *North Carolina v. Alford*, 400 U.S. 25, 31, 27 L. Ed. 2d 162, 91 S. Ct. 160 (1970) and *Hill v. Lockhart*, 474 U.S. 52, 56, 88 L. Ed. 2d 203, 106 S. Ct. 366 (1985) (ruling a plea is voluntary if it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."); *Brady v. United States*, 397 U.S. 742, 755, 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970) (holding "a plea of guilty entered by one fully aware of the direct consequences… must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled promises or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)"); *Machibroda v. United States*, 368 U.S. 487, 493, 7 L. Ed. 2d 473, 82 S. Ct. 510 (1962)) (ruling a waiver of the accused's right to jury trial is void if "induced by promises or threats which deprive it of the character of a voluntary act"); *Bram v. United States*, 168 U.S. 532 (1897) and *Watts v. Indiana*, 338 U.S. 49 (1949) (holding if a defendant's confession is induced by threats and promises, then it is

---

[2] Quite simply, it does not make sense that the prosecutor would find the defendant's notice of appeal so contentious, when at the hearing the Government "presented a united front in the presentation of the facts to the Court" in relation to Ms. Ford's Presentence Report objection. (Sentencing Hearing at 5). Furthermore, the Government made no promises at the sentencing hearing that it would seek a Rule 35. To the contrary, it asserted Ms. Ford's cooperation has not yet risen to level of substantial assistance, but it may approach the court at a later time with a motion for sentence reduction. (Sentencing Hearing at 18). But again, the only reasoned trial strategy Mr. Couch may have had for not filing the notice of appeal would be a promise (as opposed to mere wishful thinking) by the Government.

6

not voluntary and may not be used against him at trial); *United States v. Escamilla*, 966 F.2d 465, citing *Williams v. Withrow*, 944 F.2d 284, 289 (6th Cir. 1991) ("an illusory promise of leniency could be sufficiently coercive to overbear the will of the accused and render a confession involuntary.").

If in fact, Ms. Ford forfeited her right to appeal based on a hollow promise by the Government that it would seek a sentence reduction based on Rule 35, then her waiver was not voluntary and violates due process.

## Conclusion

Mr. Couch provided ineffective assistance in violation of the Sixth Amendment when he failed to file a notice of appeal. Furthermore, Mr. Couch's advice that Ms. Ford should forfeit her right to appeal her sentence based on mere hope that the Government may move for a sentence reduction based on Rule 35 is unreasonable.

Alternatively, if Mr. Couch did not file a notice of appeal based on the Government's false promise of a Rule 35 in exchange for forfeiture of Ms. Ford's appellate rights, then Ms. Ford's waiver was involuntary and she was denied due process in violation of the Fifth Amendment.

## **PRAYER**

Ms. Ford requests this Court to reinstate her appellate rights. In the alternative, Ms. Ford requests a hearing to resolve any disputed facts or issues.

Respectfully submitted,

*[signature]*

Franklyn Mickelsen
Texas Bar 14011020
Broden & Mickelsen
2707 Hibernia St.
Dallas, TX 75204
(214) 720-9552
(214) 720-9594 (facsimile)

Attorney for Kimberly Dukes Ford

## **CERTIFICATE OF SERVICE**

I, Franklyn Mickelsen, certify that on April 11, 2005, I served a copy of the foregoing pleading on Randall Hensel at the United States Attorney's Office, 1 North Palafox St., Pensacola, Florida 32502.

*/s/ Franklyn Mickelsen*
Franklyn Mickelsen