**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

                                           Case Nos:  3:03cr135 & 3:05cv127/LAC/MD

v.                                                   3:04cr11 & 3:05cv129/LAC/MD

**KIMBERLY DUKES FORD**

                                              /

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT
TO TITLE 28, UNITED STATES CODE, SECTION 2255**

Pursuant to Title 28, United States Code, § 2255, and this Court's Order, the United States of America submits its answer to defendant's Motion to vacate, set aside or correct sentence. The United States opposes the motion and as demonstrated below, it should be denied.

**I.   STATEMENT OF THE CASE**

**a.   Facts**

1.     The defendant was charged in Case Number 3:03cr135 in a single count indictment with the offense of conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(ii) and 846. The defendant was named in a single count information filed in Case Number

3:04cr11 with the offense of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). (Defendant's Pre-Sentence Report (PSR) ¶¶ 1 and 3.)

  2. On January 22, 2004, the defendant appeared before the Court and entered a plea of guilty as charged in both cases pursuant to a written plea and cooperation agreement. Defendant was sentenced on April 13, 2004, to a 231-month imprisonment in Case Number 3:03cr135 and a 225-month imprisonment in Case Number 3:04cr11 with those sentences to run concurrent followed by 3 years supervised release. (Case No. 3:03cr135, Docket # 22 and 23, Case No. 3:04cr11, Docket # 9 and 10.) No appeal was taken to the Eleventh Circuit Court of Appeals by the defendant.

  3. Defendant was represented in both cases by CJA appointed counsel, Clinton Allen Couch, Esquire. Defendant, through counsel, Franklyn Mickelsen has filed identical motions pursuant to Title 28, United States Code, Section 2255 in both Case Numbers 3:03cr135 and 3:04cr11, dated April 11, 2005, with accompanying memorandum in support. (Case No. 3:03cr135, Doc. # 31, and Case No. 3:04cr11, Doc. # 15 and 16.) Attorney Mickelsen subsequently filed a motion to supplement the original 2255 petitions to include an affidavit by defendant Ford which was granted by the Court. (Case No. 3:03cr135, Doc. # 32 and 33, and Case No. 3:04cr11, Doc. # 17 and 19.)

  4. The government was ordered to respond by order dated April 26, 2005. (Case No. 3:03cr135, Doc. # 34, and Case No. 3:04cr11, Doc. # 18.)

**b.      Petitioner's Use of Other Federal Remedies**

The defendant has not used any other federal remedies.

## II.   MEMORANDUM OF LAW

As the government reads the defendant's motions in her joint cases, she raises one claim of ineffective assistance of counsel - her lawyer's alleged failure to comply with her instructions to file a notice of appeal. To the extent that the defendant raises any other claim they are barred. United States v. Nyhuis, 211 F.3d 1340 (11th Cir. 2000).

The government does not contest that where a defendant instructs her attorney to file a notice of appeal and the attorney fails to do so, the defendant is entitled to file an out-of-time appeal. Gray v. United States, 834 F.2d 967 (11th Cir 1987)(per curiam). However, the decision of how to determine whether the defendant instructed her attorney to file a notice of appeal, that is, whether the defendant need be returned to court to testify or whether the issue can be determined based on affidavits, interrogatories or other means, is left to the discretion of the district court. Gray 834 F.2d at 968; Kent v. United States, 423 F.2d 1050 (5th Cir 1970). Moreover, "[i]n cases where the files and records make manifest the lack of merit of a Section 2255 claim, the trial court is not required to hold an evidentiary hearing." United States v. LaGrone 727 F.2d 1037, 1038 (11th Cir. 1984)(per curiam); See also Blackledge v. Allison 431 U.S. 63 (1977) ("The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989)("A hearing is not required on patently frivolous claims or those which

are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted by the record.").

The court is faced in this case with an affidavit from the defendant that directly supports a detailed, specific affidavit from Attorney Couch establishing defendant decided against an appeal after consultation with her counsel post-sentencing. Attorney Couch is an experienced and well qualified member of the Bar and makes repeated appearances before this Court pursuant to CJA appointments. It is utterly illogical that a lawyer of Attorney Couch's caliber and experience would ignore an instruction from a client to file a notice of appeal.

As argued above a review of the affidavits filed in this case, the first by defendant Ford and second by Attorney Couch attached to this response as government's Exhibit #1 upon a close reading show they are consistent. Defendant pled guilty pursuant to a plea and cooperation agreement in both the indictment and information to which she pled and was jointly sentenced. (Case No. 3:03cr135, Doc. # 18, Case No. 3:04cr11, Doc. # 5). Defendant's affidavit reflects that, after the sentencing hearing, she told her appointed counsel, Clinton Couch, she wanted an appeal but that he had advised her she should not appeal because it may jeopardize a Rule 35 sentence reduction down the road and Attorney Couch did not file an appeal on her behalf. Defendant claimed she believed she had meritorious claims and wished to appeal. See Defendant's affidavit. But the most telling statement in her affidavit is the following sentence which reads, "However, I followed my lawyer's advice and did not." The defendant's affidavit correctly notes the government has

4

not filed any Rule 35 on her behalf and has advised her habeas corpus counsel of that information. She now wishes to appeal and attacks Couch's advice via the instant 2255.

As Attorney Couch's affidavit reflects, he discussed in detail her right to appeal his challenges to the sentencing guideline issues he raised as reflected in the transcript of the defendant's sentencing hearing, a copy of which is attached to this response provided by defendant's counsel via facsimile as government's Exhibit #2. As Attorney Couch's affidavit reflects, he discussed with the defendant the pros and cons of taking an appeal and the potential effect it could have on her ultimately receiving a Rule 35 motion which was discussed in detail before the Court at the time of her sentencing. As Couch's affidavit reflects, "After careful thought and discussion, she elected to forego the appeal in hopes of earning a Rule 35 motion."

The government respectfully maintains a review of both the defendant's affidavit and that provided by Attorney Couch supports the fact that the instant complaint against Couch is merely her response to the government's ultimate decision which it reserved to itself as reflected in the plea and cooperation agreement not to file a substance assistance motion on the defendant's behalf contrary to her hopes and those of her appointed counsel, Mr. Couch. She followed her attorney's advice and now, dissatisfied with the result, attacks his representation. Inasmuch as the affidavits supplied by the defendant and Attorney Couch's in response clearly describe, the defendant knowingly waived her right to an appeal upon advice of counsel and must now live with that decision. Those set of events clearly do not satisfy any ineffective assistance of counsel claim.

Finally, in defendant's memorandum in support of her petition, her 2255 counsel argues alternatively that she was denied due process when the government induced her to relinquish her right to appeal in exchange for a false promise of a Rule 35. Again, that claim is refuted by the specific language in the plea and cooperation agreement entered into between the government and the defendant reserving the decision making by the government in the filing of any substantial assistance motion to its "sole discretion." See Plea Agreement, ¶¶ 3(b)(4) and 4(c). Further, the defendant's speculation that the defendant's waiver of her right to appeal was induced by the government is directly refuted by Attorney Couch's affidavit wherein he states "Nevertheless, I explained to her, and she acknowledged, that the ultimate decision rested solely in the hands of the U.S. Attorney." And his further statement "At no time did I promise her she would receive a Rule 35 nor am I aware of anyone else making such a promise."

The undersigned as the Assistant United States Attorney assigned to the case can assure the Court, under oath if necessary, no guarantee or of the filing of a Rule 35 was ever made to the defendant or counsel to induce her to give up her right to appeal her sentence as claimed in defendant's memorandum.

### III.   STATEMENT OF EVIDENTIARY HEARING

The petitioner has not demonstrated she is entitled to an evidentiary hearing on this 2255 petition.  The petitioner has the burden of establishing a need for an evidentiary.  Birt v. Montgomery, 725 F.2d 587 (11th Cir 1984), cert denied, 469 U.S. 874 (1984).

In this case, the petitioner should not be accorded an evidentiary hearing because the petitioner's allegations of fact supporting her claim or demonstrated meritless by the record.  See for example, Blackledge v. Allison, 431 U.S. 63 (1977); United States v. Laetividal-Gonzalez, 939 F.2d 1455 (11th Cir 1991), cert denied, 503 U.S. 912 (1992).

WHEREFORE, petitioner's 2255 motions should be denied.

RESPECTFULLY SUBMITTED this 15th day of June 2005, at Pensacola , Florida.

GREGORY R. MILLER
United States Attorney


S/ *Randall J. Hensel*
RANDALL J. HENSEL
Assistant U.S. Attorney
21 East Garden Street, Suite 400
Pensacola, FL  32502-5675
Phone:  (850)444-4000

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been provided by U.S. Mail to Franklyn Mickelsen, attorney for Defendant Ford, at Broden & Mickelsen, 2707 Hibernia Street, Dallas, Texas 75204, this 15th day of June 2005.

                                        **S/** *Randall J. Hensel*
                                        RANDALL J. HENSEL
                                        Assistant United States Attorney