UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| **KIMBERLY DUKES FORD,** | ) |
| | ) Case Nos.: |
| Petitioner, | ) 3:03cr135 and 3:05cv127/LAC/MD |
| | ) 3:04cr11 and 3:05cv129/LAC/MD |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

## OBJECTIONS TO THE MAGISTRATE JUDGE'S RECOMMENDATION[1]

On August 18, 2005 Magistrate Judge Miles Davis entered a recommendation denying petitioner relief. The petitioner respectfully objects to the decision for the reasons stated herein.

---

[1] These objections were e-filed in Case Number 3:04cr11 on August 31, 2005. Although filling was attempted on Monday, August 29, 2005, the server for the Northern District of Florida was down due to Hurricane Katrina. Initially, the petitioner's objections were only filed in Case Number 3:04cr11 due to a discrepancy on the ECM/CF site which did not allow the Petitioner to file in Case Number 03cr135 because she was designated as a "terminated" party. A docket clerk in the District Clerk's office has since corrected the problem and the Petitioner's Objections are hereby filed under Case Numbers 3:03cr135 and 3:04cr11.

1

**INTRODUCTION**

Kimberly Dukes Ford challenges her detention in federal prison pursuant to 28 U.S.C. §2255.  In her initial petition, Ms. Ford alleged she wished to appeal her sentence, but was advised by her attorney, Mr. Couch, that she should forego her appeal in hopes that by doing so the Government would more likely file a motion for a sentence reduction pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  The government never filed a motion for a sentence reduction and she alleged that she would have pursued her appellate rights were it not for Mr. Couch's advice.

There does not appear to be any dispute with respect to the facts in this case.  The magistrate judge's recommendation rejects Ms. Ford's contention as a matter of law.  The magistrate judge ignores the body of case law cited by Ms. Ford to support the proposition that the government may not penalize a defendant who chooses to exercise a constitutional right, such as the right to appeal, by withholding a motion to reduce the defendant's sentence for substantial assistance.  The magistrate judge, instead, relies on an unpublished district court decision out of the Southern District of New York.  This opinion, in a conclusionary fashion, states that a defendant may waive her appellate rights as a sign of "good faith" in

2

the hopes of receiving a motion for a reduced sentence. *Khan v. United States*, 2000 WL 1738414 (S.D. N.Y. 2000).

The magistrate judge also relies on a very recent district court decision out of the Northern District of Illinois. This court, when presented with the identical claim made in this petition, considered the merits of the defendant's prospective appeal, and concluded that the defendant would not have been harmed by foregoing her appellate rights. *United States v. Voltl*, 200 WL 563204 (N.D. Ill. 2005).

These two district court decisions are contrary to the Supreme Court decision in *Wade v. United States*, 504 U.S. 181 (1992). In *Wade*, the Supreme Court held:

> Federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial assistance motion, say, because of the defendant's race or religion.

*Id*. at 185-86.

Subsequent to *Wade*, the third circuit was presented with the issue of whether the government can withhold a motion for sentence reduction solely on the basis that the defendant chose to exercise a constitutional right such as the right

3

to trial or appeal. In *United States v. Paramo*, 998 F.2d 1212 (3rd Cir. 1993) the defendant and two other alleged co-conspirators in a money laundering scheme agreed to cooperate. The two co-conspirators agreed to plead guilty; the defendant, however, chose to go to trial solely on the issue of whether the conduct to which all three defendants had admitted, was, as a matter of law, a violation of the money laundering statutes. The government made downward departure motions on behalf of the two defendants who pleaded guilty. Although the government asserted that it was not filing the motion on behalf of the defendant who went to trial for several ostensibly valid reasons, the third circuit remanded the case to the district court so that the defendant would have an opportunity to show such claims were pretextual. In so holding, the third circuit made clear that withholding the motion solely on the basis that the defendant exercised his right to trial would be constitutionally impermissible. *Id.*, at 1220-21.

A similar issue arose in the ninth circuit in the case of *United States v. Treleaven*, 35 F.3rd 458 (1994). In *Treleaven,* the government prosecutor improperly contacted the defendant without notifying his attorney after he had pleaded guilty. The defendant, as well as a co-defendant, testified before the grand jury. Although the government made a motion to reduce the co-defendant's sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure, the

government refused to file the motion on the defendant's behalf. In this particular case, the ninth circuit held that because the government violated the defendant's Sixth Amendment rights when it contacted him directly after his guilty plea, the district court had authority to grant a downward departure motion for the defendant's substantial assistance even in the absence of a government motion. *Id*. at 460-63.

The ninth circuit addressed this issue again in *United States v. Khoury*, 62 F.3rd 1138 (9th Cir. 1995). In *Khoury*, the defendant was granted a downward departure motion at sentencing. The defendant, however, appealed the denial of his motion to withdraw his guilty plea and the government agreed that his case should be remanded to the district court. After being convicted at trial, the defendant requested at sentencing that the government make the same downward departure that it made previously. The government refused and the district court also declined to reduce the defendant's sentence. *Id*. at 1140-42. The court remanded the case for resentencing, concluding, "[the defendant] has presumptively established that the government has withdrawn its § 5K1.1 motion because he forced them to go to the trouble of proving their case before a jury, as was his constitutional right." *Id*. at 1142.

In *United States v. Ruiz*, 241 F.3d 1157 (9th Cir. 2001) yet another variation of this issue arose. In *Ruiz* the defendant declined to accept a plea bargain on the grounds that it required the defendant to waive her right to be informed of exculpatory information. She pleaded guilty without a plea agreement and at sentencing requested a downward departure on several bases. One basis was a two point deduction for complying with the "fast track" program by which defendants were rewarded with reduced sentences for entering guilty pleas early and declining to file pretrial motions. The government opposed the "fast track" request. On appeal the defendant contended that the government only opposed the request because she refused to waive her right to receive exculpatory information. The ninth circuit held that a defendant has a constitutional right to receive exculpatory information from the government prior to entering a guilty plea, and that the government acted in violation of the Constitution if it refused to recommend the two point reduction because the defendant would not waive this right. On appeal, the Supreme Court reversed the ninth circuit holding that a defendant does not have a constitutional right to exculpatory information prior to entering a guilty plea. *United States v. Ruiz*, 536 U.S. 622 (2002).

From these cases it seems clear that the Supreme Court's decision in *Wade* should be understood to prohibit the government from refusing to move to reduce a

defendant's sentence for substantial assistance for *any* unconstitutional reason, not merely for race or religion as explicitly set forth in *Wade*. It thus seems reasonable to conclude that an attorney who advises a client to give up an important constitutional right such as the right to appeal – on the assumption that the government would inappropriately penalize the defendant for exercising her constitutional right – renders deficient performance.

In short, the district court's decision in *Khan* is incorrect in that it assumes, as trial counsel did in this case, and contrary to the foregoing precedent, that it is appropriate for a defendant to forego a constitutional right such as the right to a trial or appeal, in the hopes that by doing so the government would make a motion to reduce a defendant's sentence for substantial assistance.

The district court's decision in *Voltl* is incorrect for another reason. In order to prevail on an ineffective assistance of counsel claim, the defendant must show that not only was her counsel's performance deficient, the defendant must show that she was prejudiced by her attorney's performance. *Strickland v. Washington*, 466 U.S. 668 (1984). In *Voltl*, and in the magistrate judge's recommendation in this case, the *assumption* is made that the defendant must show that her appeal had merit. This assumption is contrary to law settled by a fairly recent Supreme Court decision. In order to show prejudice in the context of a claim that a defendant

7

improperly forfeited her right to an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for [counsel's deficiency in relation to filing a notice of appeal], [s]he would have timely appealed." *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000) (in determining prejudice standard, Court reversed ninth circuit's bright line approach that appointed counsel has a duty to consult with a client regarding appellate rights in every case.)

In this case, Ms. Ford is therefore able to show that she was prejudiced by her trial counsel's advice to waive her appellate rights. There is no controversy as to whether Ms. Ford would have pursued her appeal if not for counsel's recommendation. Both her affidavit and her trial counsel's affidavit agree that she intended to file a notice of appeal and pursue her appellate rights, if it were not for the advice of her attorney to waive her appellate rights as a "gesture of good faith." The magistrate judge errs, therefore, in his recommendations and conclusion of law when he considers the merit of the potential appeal.

## **CONCLUSION**

This Court should find that Ms. Ford's constitutional right to an appeal was violated, grant the petition, and permit her to file a notice of appeal "out of time."

Respectfully submitted,

_____/s/_____
FRANKLYN MICKELSEN
Tex. Bar No. 14011020
Broden & Mickelsen
2707 Hibernia Street
Dallas, Texas 75204
(214) 720-9552
(214) 720-9554 (facsimile)

Attorney for Defendant
Kimberly Ford

**CERTIFICATE OF SERVICE**

I, Franklyn Mickelsen, certify that on August 29, 2005, I served a copy of the foregoing pleading on Randall Hensel at the United States Attorney's Office, 1 North Palafox St., Pensacola, Florida 32502, via first class mail.

```
               /s/
       Franklyn Mickelsen
```